HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALEJANDRO CHAVARRIA-ROMO,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent. | Case No. C06-5201RBL<br>(CR05-5382RBL)<br><br>ORDER |

THIS MATTER comes on before the above-entitled Court upon Defendant's Motion pursuant to 28 U.S.C. § 2255.

Having considered the entirety of the records and file herein, the Court finds and rules as follows:

On July 12, 2005 the defendant pleaded guilty to conspiracy to distribute more than 500 grams of methamphetamine pursuant to a written plea agreement. The plea agreement provided that the parties anticipated the adjusted offense level to be 31, with the possibility of a further two-level reduction under the "safety valve" provision of the Guidelines. In the plea agreement, the Government agreed to file a 5K1.1 motion due to the defendant's substantial assistance in the investigation of others involved in criminal activity. The plea agreement further provided that both parties agreed to recommend a sentence of 75 months imprisonment. On September 16, 2005, this Court sentenced the defendant to 75 months imprisonment. The defendant did not appeal.

ORDER
Page - 1

Chavarria-Romo has filed the instant motion alleging his counsel was ineffective because she failed to seek a downward departure on the basis of aberrant behavior, alienage, or under the "fast track" program. He also seeks re-sentencing under *United States v. Booker*, 543 U.S. 220 (2005).

Counsel is ineffective if her "representation fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and that "there is a reasonable possibility that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. In the context of a counseled plea of guilty, *Strickland's* second prong of "prejudice" is satisfied only if the defendant can show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Here, defendant does not allege that absent counsel's "errors" he would have insisted on going to trial. Rather, he claims that had his counsel sought the departures he suggests, his sentence would have been lower. Defendant ignores the fact that he entered a plea agreement which he agreed that he, through his counsel, would request a sentence of 75 months imprisonment. He received his requested sentence. Therefore, counsel did not err, and defendant was not prejudiced.

Chavarria-Romo also requests re-sentencing under *Booker*. The defendant <u>was</u> sentenced after *Booker* was decided and under the advisory Guidelines scheme. He alleges no error on the part of the Court at sentencing. He is not entitled to be re-sentenced. It is therefore

**ORDERED** that Defendant's Motion pursuant to 28 U.S.C. § 2255 is **DENIED**.

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 6th day of November, 2006.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE